Cao v. Holder

BIA
Laforest, IJ
A089 198 266

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand thirteen.

PRESENT:
        JOSÉ A. CABRANES,
        GERARD E. LYNCH,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

QIANG CAO,
        *Petitioner,*

       v.                       12-242
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:       Nataliya I. Gavlin, Moslemi & Associates, New York, New York.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiang Cao, a native and citizen of the People's Republic of China, seeks review of a December 23, 2011, decision of the BIA affirming the October 9, 2009, decision of Immigration Judge ("IJ") Brigitte Laforest, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Cao*, No. A089 198 266 (B.I.A. Dec. 23, 2011), *aff'g* No. A089 198 266 (Immig. Ct. N.Y. City Oct. 9, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Cao's, governed by the amendments to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency "may rely on *any*

inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam) (emphasis in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Cao challenges only the agency's adverse credibility determination.

The agency found that Cao's testimony was incredible, in part, because his asylum application omitted his illegal departure from China in 1999, arrest and year-long immigration detention in Canada, and 2000 deportation to China. Despite Cao's argument to the contrary, the BIA reasonably concluded that his omissions provided substantial evidence of the adverse credibility determination because they were essential factual allegations underlying his claim. *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005) (per curiam). Thus, Cao's explanations for his omission – that he "forgot," and thought it was not important - were insufficient to compel a reasonable fact-finder to credit his testimony. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also reasonably discredited Cao's testimony because he testified inconsistently about whether he had previously applied for a United States visa. *Xiu Xia Lin*, 534 F.3d at 167. Cao's contention that the IJ misstated his testimony about his prior visa applications is not supported by the administrative record.

Finally, Cao contends that his evidence, including a fine receipt indicating his payment for "one extra birth" and his wife's sterilization certificate, sufficiently corroborated his claim. However, the agency reasonably doubted the authenticity of these documents and accorded them little weight. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007). Moreover, the BIA reasonably determined that letters from Cao's family members failed to independently establish his eligibility for relief because they lacked detailed information about the alleged forcible sterilization, and the family members were unavailable for cross-examination. *Xiao Ji Chen*, 471 F.3d at 342; *Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (BIA 2010)(citing *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 160-61 (2d Cir. 2008)), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

4

We have considered Cao's remaining arguments, and find that they lack merit.  Accordingly, given the omissions in his asylum application, inconsistent testimony, and lack of corroboration, we will defer to the agency's adverse credibility determination.  *Xiu Xia Lin*, 534 F.3d at 167.  As the only evidence of a threat to Cao's life or freedom depended upon his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5